UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. MALONE,

    Plaintiff,

        v.

RANDY DAVIS and C/O WHITEHEAD,

    Defendants.

Case No. 13-cv-126-JPG-PMF

### **MEMORANDUM AND ORDER**

This matter comes before the Court on for case management purposes. The claims in this case were originally included in a complaint filed in *Malone v. Leszcwski*, No. 13-cv-38-JPG, on January 10, 2013. After an initial review pursuant to 28 U.S.C. § 1915A, on February 6, 2013, the Court severed the claims in this case into this separate action. Malone was given a chance to notify the Court if he did not want to proceed with the new action and incur a new filing fee (Doc. 1). Malone did not ask the Court to voluntarily dismiss the newly severed case, so the Court allowed Malone to proceed *in forma pauperis* and requested a trust fund account statement from Pinckneyville Correctional Center, where Malone is incarcerated, to determine the correct initial partial filing fee to assess (Doc. 5). The Court received a statement on April 25, 2013, covering the period from September 26, 2012, to April 23, 2013 (Doc. 11). Based on the average monthly balance or deposits reflected in this statement, the Court assessed an initial partial filing fee of $82.27 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 12).

After that assessment, Malone filed a second motion for leave to proceed *in forma pauperis* claiming he is indigent, has no funds or support from family or friends, and is in debt for more than $30,000 (Doc. 13). This motion is not supported by any evidentiary materials other than fee assessment orders in other cases.

On July 1, 2013, Magistrate Judge Philip M. Frazier ordered plaintiff William A. Malone to pay on or before September 5, 2013, the $82.27 initial partial filing fee assessed at the outset of this case or provide evidence of his inability to do so (Doc. 16).   Malone responded to that order by making a payment of $1.22 toward his initial partial filing fee (Doc. 17), but he has not submitted the entire amount as ordered.

Six months before Malone filed the case from which this case was severed, Malone's trust fund account balance was $1,541.47.   By September 26, 2012, Malone's account balance had dropped to $852.43, primarily due to commissary purchases, books, the library, postage and gifts, including a gift of $200 to his fiancée.   Since September 26, 2012, Malone spent the vast majority of that balance on commissary purchases, the library, medical copayments, postage and another $800 gift to his fiancée, leaving him $39.07 in his account when this case was opened on February 6, 2013.   The Court further notes that during most of this time period Malone received around $10.00 per month from his prison job.

It is clear within six months before Malone originally filed this suit, he was capable of paying $82.27 to the Court, and since this severed case was opened in February 6, 2013, he has added nearly $65.00 in pay and other deposits to his $39.07 balance at that time.[1]   That Malone made the financial decision to spend his money or to send it to a friend and not to save it to pay for this lawsuit is a decision Malone must live with.   If a prisoner's account received ample funds to pay the required fee at the required time but he spent the money on other things, the prisoner's case can be dismissed for noncompliance with 28 U.S.C. § 1915(b)(1).   *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997).   "Requiring prisoners to make economic decisions about filing

---

[1] The Court notes that a $30.00 deposit into Malone's account came from the fiancée to whom Malone had previously sent $1,000.00.   While this suggests the fiancée may be holding Malone's money for him in an effort to skirt the filing fee payment requirements, the Court declines to make such a finding at this time in light of the other evidence showing Malone had the ability to pay the initial partial filing fee in this case.

lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997), *quoted in Miller v. Hardy*, 497 Fed. App'x 618, 621 (7th Cir. 2012).

However, rather than dismissing Malone's case at the present time, the Court will give Malone a brief extension of time to pay the fee due and will stay the case in the meantime. Accordingly, the Court:

- **STAYS** this case pending further order of the Court;

- **ORDERS** that Malone shall have up to and including December 6, 2013, to pay the entire balance due of the initial partial filing fee of $82.27;

- **WARNS** Malone that if he does not pay the entire balance due of the initial partial filing fee of $82.27 by December 6, 2013, the Court will dismiss this case without prejudice for failure to comply with 28 U.S.C. § 1915(b)(1); and

- **DENIES as moot** Malone's motion for leave to proceed *in forma pauperis* (Doc. 13) in light of the Court's order granting him pauper status (Doc. 12).

**IT IS SO ORDERED.**
**DATED: November 14, 2013**

                                             s/J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**